**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-31087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RUSSELL L. HART; KENNETH L. HART,

Defendants-Appellants.

Appeal from the United States District Court
For the Western District of Louisiana
(94-CR-30038)

July 2, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Russell L. Hart and Kenneth L. Hart (jointly, "the Harts") appeal the district court's denial of their Fed. R. Crim. P. 35 motions,[1] arguing that they were deserving of resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Harts' offenses were committed prior to November 1, 1987, and former Fed. R. Crim. P. 35 remains applicable to such offenses. *See* Pub.

Finding no reversible error, we affirm.

The Harts contend that the Government breached its plea agreements with the two appellants. We find no evidence of such and affirm the district court in its finding that there was no breach of the plea agreements. Accordingly, we also reject the Harts' argument that their guilty pleas were, as a result of the alleged breaches, involuntary.

The Harts also argue that there were inaccuracies in the Pre-Senetnce Reports ("PSRs") and that due process compels a remand for resentencing in a situation with such inaccuracies. Because the Harts did not raise any such objections to the PSRs at or prior to the sentencing hearing, we review their contention for plain error. *United States v. Calverley*, 37 F.3d 160 (5th Cir. 1994). Reconsideration of a sentence is not mandated by the Fifth Amendment to the U.S. Constitution when a defendant is given a full and fair opportunity to reveal inaccuracies in the information relied on by the sentencing court and fails to do so. *United States v. Brown*, 715 F.2d 387, 389 (8th Cir. 1983) (citing cases); *see also United States v. Hodges*, 556 F.2d 366, 369 (5th Cir. 1977) (concluding that sentencing that did not lack fundamental fairness because defendant given ample opportunity at sentencing hearing to rebut information in PSR relied on by district court). The Harts'

---

L. No. 98-473, § 215, 235(a)(1), 98 Stat. 2015-26, 2031-32 (1984), as amended by Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985); Pub. L. No. 100-182, § 22, 101 Stat. 1271 (1987).

only allegation that they were deprived of such an opportunity is their allegation that their PSRs were not delivered in a timely fashion. The Harts argue that the district court erred in finding that the PSRs were delivered in a timely fashion. They contend that the reports were not so delivered and that such served to cause them prejudice. Under former Fed. R. Crim. P. 32(c)(3)(A), which is applicable to pre-Sentencing Guidelines sentences, *see* *supra* note 1, the PSRs were timely delivered and counsel for the appellants made no indication otherwise at the sentencing hearing. The Appellants' due process argument fails.

AFFIRMED.